1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SHANNON PAYTON,

11           Plaintiff,                    No.  CIV S-05-1852 DAD

12       v.

13   MICHAEL J. ASTRUE,                    ORDER TO SHOW CAUSE
     Commissioner of Social Security,[1]

14
             Defendant.
15   _____/

16           Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action

17   seeks an award of attorney fees in the amount of $8,200.25 for 29.5 hours of professional time

18   devoted to the representation of plaintiff before this court.  Defendant has filed a response to the

19   motion "to assist the court in its analysis" of whether the requested fee is reasonable.

20           42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

21           Whenever a court renders a judgment favorable to a claimant under
             this title who was represented before the court by an attorney, the
22           court may determine and allow as part of its judgment a reasonable
             fee for such representation, not in excess of 25 percent of the total
23           of the past-due benefits to which the claimant is entitled by reason

24   _____

25       [1] On February 12, 2007, Michael J. Astrue was sworn in as Commissioner of Social
     Security, replacing Jo Anne B. Barnhart, the original defendant herein. Pursuant to 42 U.S.C. §
26   405(g) and Fed. R. Civ. P. 25(d)(1), Michael J. Astrue is substituted as the defendant in this
     action.

                                          1

1   of such judgment, and the Commissioner of Social Security may ...
    certify the amount of such fee for payment to such attorney out of,
2   and not in addition to, the amount of such past-due benefits....

3   Rather than being paid by the government, fees under the Social Security Act are awarded out of

4   the claimant's disability benefits.  Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991),

5   receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001).

6   However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also

7   must ensure that the requested fee is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 808-09

8   (2002)("We hold that § 406(b) does not displace contingent-fee agreements within the statutory

9   ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those

10  agreements.").  "Within the 25 percent boundary ... the attorney for the successful claimant must

11  show that the fee sought is reasonable for the services rendered."  Gisbrecht, 535 U.S. at 807.

12          The amount requested by plaintiff's counsel pursuant to § 406(b) apparently

13  represents an amount less than 25 percent of the past-due benefits, even though that amount is

14  the maximum authorized by statute and is the amount set forth in the contingency fee agreement

15  between counsel and plaintiff.[2]  Here, counsel seeks an award of attorney's fees under § 406(b) in

16  the amount of $8,200.25, for the 29.5 hours spent representing plaintiff in this action.  This figure

17  represents a rate of $277.97 per hour.

18          Based on the quality of counsel's representation and the results achieved in this

19  case, the undersigned is inclined to find the amount of hours expended and the billing rate to be

20  reasonable.  See Martin v. Barnhart, 225 F. Supp. 2d 704, 705-07 (W.D. Va. 2002)(awarding

21  $10,189.50 for 16.82 hours of court-related work which represented an hourly rate of $605.80);

22  Roark v. Barnhart, 221 F. Supp. 2d 1020, 1026 (W.D. Mo. 2002) (awarding attorneys fees in

23  _____

24      [2] To be precise, the fee agreement provides for the recovery of "25% of the total of the
    past-due benefits that are awarded . . . ."  It further provides that "in no case will the fee that
    comes out of the back benefits paid on my account be greater that [sic] 25%."  (See Doc. no. 25,
25  Ex. 6.)  Counsel has provided documentation from the Social Security Administration reflecting
    that it awarded plaintiff past-due benefits in the amount of $41,576.75, and that $12,625.25 has
26  been withheld for possible payment of attorney's fees.

1   excess of the amount received under EAJA and finding an hourly rate of $338.29 to be

2   reasonable).

3          However, the court is confused by the remainder of counsel's petition and is

4   unclear as to what counsel seeks.  When an award is made pursuant to § 406(b), that sum must be

5   offset by any sum previously awarded pursuant to EAJA.  Gisbrecht, 535 U.S. at 796; Russell,

6   930 F.2d at 1446 ("The dual fee awards are proper here as long as Russell's attorney gives the

7   smaller of the two awards to his client to compensate Russell for his litigation costs.").

8   However, counsel's fee application notes that this court previously awarded counsel $4,425.00 in

9   attorney's fees to plaintiff's counsel pursuant to EAJA.   From the plaintiff's affidavit submitted

10  by counsel in support of the motion, it appears that counsel is seeking a § 406(b) award of

11  $8,200.25 on top of the previous EAJA award of $4,425.00 with the rationale for such an award

12  being that plaintiff will in turn receive $4,425.00 currently being withheld by the SSA, is

13  satisfied with that amount and counsel will seek no further fee.  Such an award would appear to

14  violate the holdings in Gisbrecht and Russell.  Moreover, it would appear that by proceeding in

15  this manner counsel may be seeking to avoid justifying the hourly rate that he would in fact be

16  collecting upon if his motion were granted.[3]

17         It is the court's current intention to grant counsel's petition for attorney fees under

18  42 U.S.C. § 406(b), award $8,200.25 in attorney fees pursuant to that provision and order counsel

19  to refund to plaintiff the sum of $4,425.00 previously awarded under EAJA, less any amounts

20  properly attributable to court costs.  However, the court wishes to provide counsel for both

21  parties the opportunity to clarify their position with respect to the fee application if appropriate.

22         Accordingly, within ten days of the service of this order counsel are directed to

23  file with the court any supplemental memorandum necessary to clarify their position on the fee

24  /////

25

26         [3]  The court expresses no opinion as to whether a higher hourly rate would be found
    appropriate if all fees were sought pursuant to § 406(b).

1   petition pending before the court.  If no supplemental memoranda are filed the court will enter an

2   order consistent with the analysis set forth above.

3          IT IS SO ORDERED.

4   DATED: April 10, 2007.

5

6   _____
    DALE A. DROZD
7   UNITED STATES MAGISTRATE JUDGE

8   DAD:mb
    payton1852.oscattyfees.wpd
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4