1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SHANNON PAYTON,

11              Plaintiff,                          No.  CIV S-05-1852 DAD

12        v.

13   MICHAEL J. ASTRUE,                            ORDER
     Commissioner of Social Security,[1]

14
                Defendant.
15   _____/

16              On February 2, 2007, counsel for plaintiff filed with this court a petition for

17   attorney's fees pursuant to 42 U.S.C. § 406(b).  Upon review of counsel's petition, the court

18   determined that counsel appeared to seek a § 406(b) award of $8,200.25 in addition to the

19   $4,425.00 in fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.

20   § 2412.  When an award is made pursuant to § 406(b), that sum must be offset by any sum

21   previously awarded pursuant to the EAJA.  Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002);

22   Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), receded from on other grounds,

23   Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001).  Because counsel's request appeared to

24   _____

25        [1] On February 12, 2007, Michael J. Astrue was sworn in as Commissioner of Social
     Security, replacing Jo Anne B. Barnhart, the original defendant herein. Pursuant to 42 U.S.C. §
     405(g) and Fed. R. Civ. P. 25(d)(1), Michael J. Astrue is substituted as the defendant in this
26   action.

                                              1

1 violate the holdings in Gisbrecht and Russell, the court issued an order to show cause seeking

2 clarification of counsel's position with respect to his fee request.[2]

3      Both plaintiff's counsel and defendant filed responses to the court's order to show

4 cause.  In its response, defendant concurs with the court's analysis of 42 U.S.C. § 406(b).  42

5 U.S.C. § 406(b)(1)(A) provides, in relevant part:

6      Whenever a court renders a judgment favorable to a claimant under
       this title who was represented before the court by an attorney, the
7      court may determine and allow as part of its judgment a reasonable
       fee for such representation, not in excess of 25 percent of the total
8      of the past-due benefits to which the claimant is entitled by reason
       of such judgment, and the Commissioner of Social Security may ...
9      certify the amount of such fee for payment to such attorney out of,
       and not in addition to, the amount of such past-due benefits....

10

11      Rather than being paid by the government, fees under the Social Security Act are

12 awarded out of the claimant's disability benefits.  Russell, 930 F.2d at 1446.  However, the 25

13 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that

14 the requested fee is reasonable.  Gisbrecht, 535 U.S. at 808-09 ("We hold that § 406(b) does not

15 displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts

16 to review for reasonableness fees yielded by those agreements.").  "Within the 25 percent

17 boundary ... the attorney for the successful claimant must show that the fee sought is reasonable

18 for the services rendered."  Gisbrecht, 535 U.S. at 807.

19      Counsel for plaintiff responded to the order to show cause and included an

20 amendment to his motion for attorney's fees pursuant to § 406(b), wherein he petitions the court

21 to approve a fee award in the amount of $12,625.25, for 29.5 hours of professional time devoted

22 to the representation of plaintiff before this court.  Plaintiff's counsel claims this amount

23 /////

24

25      [2] The court also noted that by proceeding in the manner proposed by plaintiff's counsel,
   he would in effect avoid justifying the hourly rate he would in fact collect if his motion were
26 granted.

1   represents 25 percent of the plaintiff's past due benefits and is the amount presently set aside by

2   the Social Security Administration for this purpose.[3]

3          While it does appear that the Social Security Administration has set aside

4   $12,625.25 for payment of attorney's fees, that figure does not represent 25 percent of plaintiff's

5   past-due benefits.  See Doc. 25, Ex. 3 ("Notice of Award") (representing that $41,576.75

6   represents all past due benefits and explaining that $12,625.25 has been set aside for attorney's

7   fees).  Twenty-five percent of $41,576.75 is $10,394.19.  That sum, divided by the 29.5 hours of

8   professional time plaintiff's counsel devoted to representing plaintiff in this action, represents a

9   rate of $352.35 per hour.

10          Based on the quality of counsel's representation and the results achieved in this

11   case, the undersigned is inclined to find the amount of hours expended and the $352.35 billing

12   rate to be reasonable.  See Martin v. Barnhart, 225 F. Supp. 2d 704, 705-07 (W.D. Va. 2002)

13   (awarding $10,189.50 for 16.82 hours of court-related work which represented an hourly rate of

14   $605.80); Roark v. Barnhart, 221 F. Supp. 2d 1020, 1026 (W.D. Mo. 2002) (awarding attorneys

15   fees in excess of the amount received under EAJA and finding an hourly rate of $338.29 to be

16   reasonable).

17          Accordingly, the undersigned grants the amended motion for attorney fees, with

18   the modification that plaintiff's counsel shall receive a fee award in the amount of $10,394.19,

19   rather than the requested $12,625.25.

20          Additionally, by stipulation of the parties and the court's approval, on January 17,

21   2007, the court awarded $4,425.00 in attorney fees to plaintiff's counsel pursuant to the EAJA.

22   Where an award is made pursuant to § 406(b), plaintiff's counsel must refund to plaintiff the sum

23

24      [3]  The contingency fee agreement between plaintiff and plaintiff's counsel also provides
for a fee equal to 25 percent of plaintiff's past due benefits.  To be precise, the fee agreement
25   provides for the recovery of "25% of the total of the past-due benefits that are awarded . . . ."  It
further provides that "in no case will the fee that comes out of the back benefits paid on my
26   account be greater that [sic] 25%."  (See Doc. no. 25, Ex. 6.).

1  previously awarded as fees pursuant to the EAJA.  See Russell, 930 F.2d at 1446 ("The dual fee

2  awards are proper here as long as Russell's attorney gives the smaller of the two awards to his

3  client to compensate Russell for his litigation costs.").

4              Accordingly, IT IS HEREBY ORDERED that plaintiff's counsel be awarded

5  $10,394.19 in attorney's fees and that plaintiff be refunded the sum of $4,425.00 previously

6  awarded under the EAJA.

7  DATED: May 1, 2007.

8

9                                      _____
                                       DALE A. DROZD

10                                     UNITED STATES MAGISTRATE JUDGE

11  DAD:mb
    payton1852.attyfees.fin.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4